# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43762

| | |
|---|---|
| IN THE INTEREST OF: JOHN DOE, JR. A Child Under Eighteen (18) Years of Age. | ) ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) 2016 Unpublished Opinion No. 426 ) |
| Petitioner-Respondent, | ) Filed: March 9, 2016 ) ) Stephen W. Kenyon, Clerk |
| v. | ) ) |
| JANE DOE (2015-23), | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| Respondent-Appellant, | ) ) |
| and | ) ) |
| ALICIA TORRERO/CASA | ) ) |
| Guardian Ad Litem-Respondent. | ) ) |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger Harris, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Marilyn B. Paul, Twin Falls County Public Defender; Susan M. Campbell, Deputy Public Defender, Twin Falls, for respondent-appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for petitioner-respondent.

Jamie LaMure, Kimberly, for guardian ad litem-respondent.

_____

MELANSON, Chief Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights. For the reasons set forth below, we affirm.

1

# I.
# FACTS AND PROCEDURE

Shortly after a child's birth, hospital staff reported concerns to the Department of Health and Welfare about the parents' abilities to care for the newborn child. Department workers went to the hospital and met the parents, John and Jane Doe. At the hospital, the Department created a voluntary safety plan with John and Jane, which included regular visits to the home. During those visits, the workers observed numerous health and safety hazards. Based upon the conditions in the home, the child was declared in imminent danger on October 30, 2013, and was placed in foster care. A case plan was developed to address neglect in the home and to help John and Jane develop necessary skills to care for the child. On November 8, 2014, the Department filed a petition for termination of John's and Jane's parental rights. A trial on the petition to terminate occurred in June 2015. At the trial, the Department presented testimony and exhibits recounting John's and Jane's failures to comply with the terms of their case plan. The testimony indicated that John and Jane had made no improvement since the child's removal from their home. Thereafter, the magistrate issued a decision on October 30, 2015, terminating John's and Jane's parental rights as to the child after finding clear and convincing evidence that they had neglected the child and that termination was in the best interest of the child. Jane appeals.

# II.
# STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and

convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

### A. Neglect

Jane contends that the magistrate erred in finding that there was clear and convincing evidence that she had neglected her child. The magistrate found that Jane neglected the child, as defined by I.C. § 16-2002(3)(b). That section defines neglect as situations in which the parent

3

has failed to comply with the case plan in a child protection case, the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department.

The magistrate found that the child was in the custody of the Department for the entire twenty months preceding the magistrate's judgment terminating Jane's parental rights. The child was removed from Jane's custody on October 30, 2013. Testimony at the trial established that the child remained in foster care continually until the magistrate's decision terminating Jane's parental rights on October 30, 2015. Thus, the magistrate's finding is supported by clear and convincing evidence.

In addition, the magistrate found that Jane failed to complete the terms of her case plan despite having twenty months to do so. The plan required Jane to complete a number of tasks, including completing a psychological evaluation; participating in marital counseling; completing a domestic violence class; completing a parenting class; and maintaining a safe, stable, sanitary, and drug and alcohol-free residence. It is uncontested that Jane did not complete several of the tasks required under the case plan, despite having many counselors and social workers attempt to provide services and training for Jane. Most importantly, Jane did not maintain a safe, stable, sanitary, and drug and alcohol-free residence as reported by each care provider who visited Jane's residences over the twenty-month period. There was consistent and overwhelming evidence presented by each care provider who testified at the trial that the unsanitary and unsafe conditions of Jane's residences never improved. Thus, the magistrate's finding that Jane failed to complete the case plan was supported by clear and convincing evidence. Because there was clear and convincing evidence that Jane did not complete her case plan, that the child was in foster care for the entire twenty months preceding termination, and that reunification was not accomplished, the magistrate did not err in finding that Jane neglected the child as defined in I.C. § 16-2002(3)(b).

## B. Best Interest of the Child

Jane also argues that the magistrate erred in concluding that termination was in the best interest of the child. The magistrate explained:

4

[Jane's] history of having an unsanitary home, continuing safety hazards, and [her] demonstrated inability to internalize and practice safe parenting skills, threatens the child's overall well-being if returned to [her] care such that this court concludes the child's best interest is served by termination of [Jane's] parental rights.

Jane does not challenge the magistrate's finding regarding her history of having an unsanitary home, continuing safety hazards, or failure to demonstrate safe parenting skills. Rather, Jane alleges that the magistrate erred in terminating her parental rights because she did not have an "opportunity to demonstrate her capabilities when she is free of the stress of being in a relationship with almost daily domestic issues" and with "proper disability services in place." There is overwhelming evidence in the record that the relationship between Jane and John was extremely volatile and fraught with domestic violence. In addition, the report following Jane's psychological evaluation indicates that Jane had the functional equivalent of a child who is seven years and eight months old. Accordingly, Jane qualified for full-time services to help her cook, clean, better parent, problem solve, and deal with her personal hygiene issues. Jane claims that, without John's obstruction and with full-time supportive services for which she qualifies, she would be able to care for the child. However, as the magistrate explained, based upon its experiences with Jane, "allowing [her] additional time to try and gain the skills needed to reunite with [the child] would be fruitless and the chances of their being successful is very remote." The magistrate further explained that the child's "need for permanency outweighs [Jane's] desire to continue working a case plan." The record contains many reports from service providers that Jane showed very little, if any, progress during the twenty-month period. The primary reason for the lack of progress is that Jane was easily frustrated, became combative with several care providers, and generally failed to cooperate with those sent to help her. Jane's unwillingness to cooperate with service providers supports the magistrate's conclusion that allowing Jane additional time to complete her case plan was likely to be fruitless. In the meantime, the child would have been in a state of limbo, lacking permanency and much needed stability. Thus, there is clear and convincing evidence to support the magistrate's finding that it was in the best interest of the child to terminate Jane's parental rights.

**IV.**

**CONCLUSION**

There was clear and convincing evidence that Jane neglected the child and that it was in the best interest of the child for Jane's parental rights to be terminated. Accordingly, the magistrate's judgment terminating Jane's parental rights is affirmed. No costs or attorney fees awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.